o

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

RUBEN CARDENAS,                    §
                                   §
            Plaintiff,             §
                                   §
vs.                                §   Civil Action No. L-10-12
                                   §
CITY OF LAREDO, TEXAS,             §
                                   §
            Defendant.             §

MEMORANDUM AND ORDER

Pending is Defendant's motion to dismiss Plaintiff's claims
pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 4.) Having
considered the pleadings, the parties' respective arguments, and
the applicable law, Defendant's motion is GRANTED in part and
DENIED in part.

BACKGROUND

Plaintiff Ruben Cardenas's ("Cardenas") claims arise from a
brief stint of employment with the Laredo Police Department.
According to his original complaint, Cardenas became a
probationary officer in the department in May of 2007. (Dkt. 1,
at 3.) In January of 2008, while off-duty, he was involved in an
altercation with a former girlfriend. (Id. at 4; Dkt. 7, at 3-
4.) He reported the altercation to his superiors, which prompted
an investigation of the incident by internal affairs. (Dkt. 1,
at 4-5.) On January 31, 2008, before the internal affairs
investigation was complete, interim police chief Gilbert Navarro

o

terminated Cardenas's employment.[1] (Id. at 5.) Cardenas was verbally informed that he was terminated because of the off-duty altercation. (Id.)

On February 19, 2010, Cardenas filed this action against Defendant, the City of Laredo ("City"). (Dkt. 1.) He alleges violations of his rights under 42 U.S.C. §§ 1981, 1983, the Fourteenth Amendment, and the Texas Constitution. The City filed the pending motion to dismiss on March 17, 2010, and Cardenas filed a response on April 19, 2010. (Dkt. Nos. 4, 7.)

## DISCUSSION

### I. Standard Under Rule 12(b)(6)

Motions to dismiss under Rule 12(b)(6) are generally "viewed with disfavor and . . . rarely granted." Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005). When evaluating a Rule 12(b)(6) motion, the Court takes as true all well-pleaded facts, and draws all reasonable inferences in favor of the plaintiff. Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009). The Court, however, will not accept as true "a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

---

[1] At the time of his termination, Cardenas was still a probationary officer with the Laredo Police Department. (Dkt. 4, at 1.)

o

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Dismissal under Rule 12(b)(6) is appropriate "when the complaint 'on its face show[s] a bar to relief.'" Cutrer v. McMillan, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (alteration in original) (quoting Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986)).

II. Plaintiff's § 1981 Claim

In his first claim for relief, Cardenas alleges that the City refused to reinstate him to his former position due "in whole or in part" to his Hispanic race, thereby violating his rights under 42 U.S.C. § 1981.[2] (Dkt. 1, at 6.) The City makes

---

[2] In support of this claim, Cardenas alleges that Janice Bruce, a non-Hispanic probationary officer in the Laredo Police Department, was terminated for a similar off-duty altercation

o

three arguments against this claim in its motion to dismiss: (1) Cardenas fails to identify an impaired contractual relationship that can support a § 1981 claim; (2) § 1981 claims against local governmental entities must be brought through 42 U.S.C. § 1983, which Cardenas has failed to do; and (3) even if Cardenas had properly brought the § 1981 claim through § 1983, he does not allege facts that would subject a municipality to liability under that Section. (Dkt. 4, at 2–4.)

A. Contractual Impairment?

Section 1981 prohibits racial discrimination in the making and enforcement of contracts. 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ."). To state a claim under § 1981, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." Felton v. Polles, 315 F.3d 470, 483 (5th Cir. 2002), *abrogated on other grounds by* Burlington N. & Santa Fe. Ry. Co. v. White, 548 U.S. 53 (2006).

---

around the same time he was terminated. (Dkt. 1, at 6.) Unlike Cardenas, however, Bruce was reinstated to her former position. (Id.)

o

To satisfy the third of the above elements, a plaintiff must identify an impaired contractual relationship. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). However "[s]uch a contractual relationship need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts." Id. This protection includes one's right to contract for employment. That is, if an employer fails to hire, or rehire, an individual on the basis of race, such conduct is deemed to impair a contractual relationship and is actionable under § 1981. See Faraca v. Clements, 506 F.2d 956, 958 (5th Cir. 1975) ("[T]he right to contract for employment [is] a right secured by 42 U.S.C. § 1981." (alteration in original) (quoting Jones v. Alfred H. Mayer Co., 392 U.S. 409, 441 n.78 (1968))); see also Kozam v. Emerson Electric Co., 739 F. Supp. 307, 314 (N.D. Miss. 1990) ("The court does, however, find that the plaintiff's claim for the defendant's failure to rehire him because of his race falls within the scope of the 'right . . . to make . . . contracts' of § 1981.").

The City argues that Cardenas has failed to identify an impaired contractual relationship because he "has only alleged that he was not reinstated, not that he sought to be rehired or reinstated." (Dkt. 4, at 3–4.) This argument is somewhat strained. In his complaint, Cardenas references the City's

o

"refusal" to reinstate him to his former position. (Dkt. 1, at 6.) Drawing reasonable inferences in Cardenas's favor, the Court construes the allegation that the City "refus[ed]" to rehire Cardenas as an indication that he sought reinstatement. A "refusal," after all, is defined as "[t]he denial or rejection of *something offered or demanded*." BLACK'S LAW DICTIONARY 1394 (9th ed. 2009) (emphasis added). The Court rejects the City's first argument against Cardenas's § 1981 claim.

B. Need for a Well-Pleaded § 1983 Claim

As noted above, the City also argues that Cardenas has failed to bring his § 1981 claim through § 1983, which it asserts is a requirement for bringing a § 1981 claim against a municipality. (Dkt. 4, at 2–3.) The City further argues that even if Cardenas had brought the § 1981 claim through § 1983, he does not allege facts that would subject a municipality to liability under that Section. (Id. at 3.)

Cardenas's complaint sheds little light on whether he intended to bring his § 1981 claim through § 1983. The complaint makes no reference to § 1983 in the section that sets forth the § 1981 claim. (Dkt. 1, at 2–7.) The only reference to § 1983 in Cardenas's entire complaint is in a very general statement in

o

the introductory section titled "Nature o[f] this Action Jurisdiction and Venue."[3] (Id. at 1.)

Cardenas also failed to specifically address the issue in his response to the City's motion to dismiss. (Dkt. 7.) Though he suggests he did intend to bring the § 1981 claim through § 1983, he also argues that his § 1981 claim against the City is viable without bringing it through § 1983. (Id. at 7-9.) The Court disagrees.

It is well-settled in this Circuit that § 1981 does not provide an independent remedy for violations of the statute by state actors. In Oden v. Oktibbeha County, 246 F.3d 458, 462-64 (5th Cir. 2001), the 5th Circuit held that although § 1981 does provide a cause of action for violations of the statute by private actors, § 1981 claims against government entities must be brought through § 1983. See also Washington v. City of Gulfport, 351 Fed. Appx. 916, 918-19 (5th Cir. 2009); King v. Louisiana, 294 Fed. Appx. 77, 84 n.9 (5th Cir. 2008) ("[S]ection 1981 does not provide a separate cause of action against governmental entities."); Garrett v. City of Houston, 102 Fed. Appx. 863, 864 (5th Cir. 2004) ("Section 1983 is the proper

---

[3] The one reference to § 1983 is as follows: "This is an action brought by a former Police Officer of the City of Laredo to redress a deprivation of equality in employment guaranteed under the Fourteenth Amendment to the U.S. Constitution as well as the Reconstruction Era Civil Rights Statutes now codified PU 42 U.S.C. §§ 1981 and 1983." (Id. at 1.)

Case 5:10-cv-00012   Document 9   Filed in TXSD on 04/21/11   Page 8 of 15

o

vehicle for both Appellant's § 1981 and his Fourteenth Amendment claims [against the City of Houston]."    This distinction is significant because of the showings necessary to subject a municipality to liability under § 1983.[4]

If Cardenas intends to maintain his § 1981 claim against the City, he must amend his complaint to make clear that he is bringing the claim through § 1983. If he does so, he must also allege facts indicating a basis for municipal liability.

III. Plaintiff's § 1983 Sex Discrimination Claims

In his second claim for relief, Cardenas alleges that the City discriminated against him based on his sex.[5] (Dkt. 1, at 7-9.) Cardenas asserts two distinct disparate treatment sex discrimination claims. The first is based on his termination, and the second is based on the City's failure to reinstate him to his former position. (Id. at 9 ¶ 48.) In support of these claims, Cardenas alleges several instances where female officers

---

[4] Specifically, "municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001) (citing Monell v. Dep't of Soc. Scis., 436 U.S. 658, 694 (1978)).

[5] Though Cardenas does not reference any statute in the section of the complaint asserting the sex discrimination claims, his general reference to § 1983 at the beginning of the complaint, and his response to the City's motion to dismiss, make clear that he intended to bring those claims through § 1983. (Dkt. Nos. 1, 7.)

8/15

o

remained employed despite committing disciplinary infractions that were more serious than the incident for which he was terminated. (Id. at 7-9.) In its motion to dismiss, the City argues that any sex discrimination claim based on Cardenas's termination is barred by the statute of limitations. (Dkt. 4, at 4-5.)

The statute of limitations applicable to a § 1983 claim is the statute of limitations used for personal injury claims in the forum state. Wallace v. Kato, 549 U.S. 384, 387 (2007); see also Price v. City of San Antonio, 431 F.3d 890, 892 (5th Cir. 2005). Texas has a two-year statute of limitations for personal injury claims. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2010). Thus, Cardenas had two years from the date the claims accrued to file suit against the City.

While the statute of limitations is borrowed from the forum state, the accrual of a § 1983 claim is governed by federal law. Cuadra v. Hous. Indep. Sch. Dist., 626 F.3d 808, 814 n.7 (5th Cir. 2010). The general rule is that a § 1983 cause of action accrues "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Price, 431 F.3d at 893 (quoting Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992)). The injury forming the basis of Cardenas's first sex discrimination claim is the termination of his employment. Thus, that claim accrued when Cardenas knew, or had reason to know,

9/15

o

that his employment with the City was being terminated. See Chardon v. Fernandez, 454 U.S. 6, 8-9 (1981) (holding that plaintiff's § 1983 action for wrongful termination accrued when he received notice of termination); see also Walston v. City of Port Neches, 980 F. Supp. 872, 875 (E.D. Tex. 1997) ("The limitations period in a § 1983 suit for damages due to wrongful termination begins running when the employee receives unequivocal notice of his termination or when a reasonable person would know of the termination.").

Cardenas knew or had reason to know of his termination no later than January 31, 2008, the date he was actually terminated. (Dkt. 1, at 5.) He filed this lawsuit on February 19, 2010, over two years later. (Id.) Thus, Cardenas's sex discrimination claim based on his termination is barred by the statute of limitations.[6] The City did not address Cardenas's

---

[6] Though he provides little elaboration, Cardenas argues that the sex discrimination claim based on his termination survives under the continuing violations doctrine. (Dkt. 7, at 10.) "Under the continuing violations doctrine, a plaintiff may complain of otherwise time-barred discriminatory acts if it can be shown that the discrimination manifested itself over time, rather than in a series of discrete acts." Frank v. Xerox Corp., 347 F.3d 130, 136 (5th Cir. 2003). Discrete discriminatory acts "are not entitled to the shelter of the continuing violations doctrine." Id. Cardenas's termination is a discrete act to which the continuing violations theory does not apply. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) ("Discrete acts such as *termination*, failure to promote, denial of transfer, or refusal to hire are easy to identify." (emphasis added)).

o

claim that the City discriminated against him based on his sex by refusing to reinstate him. Accordingly, the Court does not address that claim here.

IV. Plaintiff's State Constitutional Claims

Invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), Cardenas's third claim for relief asserts that the City violated his rights under Article I, Section 3a of Texas Constitution by "according similarly situated female probationary police officers more favorable treatment in the terms[,] privileges[,] and conditions of employment."[7] (Dkt. 1, at 9-10.) As a remedy, Cardenas seeks reinstatement to his former position in the Laredo Police Department. (Id.) In its motion to dismiss, the City argues that Cardenas's state law claims are barred by the City's governmental immunity, and by the applicable statute of limitations. (Dkt. 4, at 5-7.)

"Sovereign immunity protects the State from lawsuits for money damages." Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 853 (Tex. 2002). Governmental immunity, sovereign immunity's counterpart, provides the same protection to the state's political subdivisions, "including counties,

---

[7] Article I, Section 3a of the Texas Constitution provides: "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative."

o

cities and school districts." <u>Wichita Falls State Hosp. v. Taylor</u>, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (noting that while courts often use the terms interchangeably, sovereign immunity and governmental immunity "involve two distinct concepts"). As a general rule, a plaintiff must show an express waiver of sovereign/governmental immunity to maintain a suit against an otherwise immune government entity. <u>State v. Holland</u>, 221 S.W.3d 639, 643 (Tex. 2007). "[I]t is the Legislature's sole province to waive or abrogate sovereign immunity." <u>Fed. Sign v. Tex. S. Univ.</u>, 951 S.W.2d 401, 409 (Tex. 1997).

As the Texas Supreme Court recently reaffirmed, sovereign/governmental immunity does not prohibit suits seeking prospective equitable remedies for violations of one's rights under a state statute or the Texas Constitution. <u>City of El Paso v. Heinrich</u>, 284 S.W.3d 366, 369–72 (Tex. 2009) ("[I]t is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity . . . ."); <u>see also City of Elsa v. M.A.L.</u>, 226 S.W.3d 390, 392 (Tex. 2007) ("[A]lthough there is no 'implied private right of action for damages against governmental entities for violations of the Texas Constitution,' suits for 'equitable remedies for violation of constitutional rights are not prohibited.'" (quoting <u>City of Beaumont v. Bouillion</u>, 896 S.W.2d 143, 144, 149 (Tex. 1995))); <u>Fed. Sign</u>, 951 S.W.2d at 404 ("[A]n

o

action to . . . protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars."). The Texas Supreme Court distinguishes these "*ultra vires* claims" from claims for money damages in that they "do not attempt to exert control over the state—they attempt to reassert the control *of* the state." Heinrich, 284 S.W.3d at 372.

From a substantive standpoint, Cardenas states a valid *ultra vires* claim. He alleges that a state actor violated his rights under the Texas Constitution and seeks the equitable remedy of reinstatement. (Dkt. 1, at 9–10.) However, the Texas Supreme Court has also recently made clear that the proper defendant in an *ultra vires* suit is the state actor, in his official capacity, who allegedly violated the plaintiff's rights, not the governmental entity for which the state actor works. Tex. Dep't of Ins. v. Reconveyance Servs., 306 S.W.3d 256, 258 (Tex. 2010) ("[S]uits complaining of *ultra vires* action may not be brought against a governmental unit possessed of sovereign immunity, but must be brought against the allegedly responsible government actor in his official capacity." (citing Heinrich, 284 S.W.3d at 373)). Technically speaking, in an *ultra vires* suit the governmental entity remains immune. Heinrich, 284 S.W.3d at 372-73.

o

Cardenas brought his state law *ultra vires* claims against the City of Laredo, an immune governmental entity. Those claims must therefore be dismissed. Cardenas may amend his complaint and reassert the claims against the appropriate party. Because the state law claims against the City must be dismissed, the Court will not address the City's statute of limitations argument at this time.[8]

## CONCLUSION

To summarize, if Cardenas intends to maintain his § 1981 claim against the City, he must amend his complaint to make clear that he is bringing the claim through § 1983. Of Cardenas's two § 1983 sex discrimination claims, the claim based on his termination is barred by the statute of limitations and hereby DISMISSED. Governmental immunity bars Cardenas's state law *ultra vires* claims against the City of Laredo, and those claims are also DISMISSED. Cardenas may amend his complaint and reassert the state law *ultra vires* claims against the

---

[8] The Court notes that the statute of limitations that applies to Texas constitutional claims is not entirely clear. *Compare* Tex. A&M Univ. Sys. v. Luxemburg, 93 S.W.3d 410, 421 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (applying a two year statute of limitations), *and* Jackson v. Hous. Indep. Sch. Dist., 994 S.W.2d 396, 402 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (same), *with* Rivera v. Countrywide Home Loans, Inc., 262 S.W.3d 834, 839 (Tex. App.—Dallas 2008, no pet.) (applying a four year statute of limitations), *and* Ho. V. Univ. of Tex. at Arlington, 984 S.W.2d 672, 686-87 (Tex. App.—Amarillo 1998, pet. denied) (same).

o

appropriate defendant. Any amended complaint by Cardenas must be filed no later than May 17, 2011.

DONE at Laredo, Texas, this 21st day of April, 2011.

_____
George P. Kazen
Senior United States District Judge